O

# United States District Court
# Central District of California

ROBERT M. LANE,

             Plaintiff,

     v.

DR. VIKKI L. LANE; BRUCE GLESBY;
CAROL SHICK; GRIFFITH &
THRONBURGH, LLP; SEAN EBERZ;
MAMMOTH MOVING, INC.; KEVIN E.
READY, SR.; COUNTY OF SANTA
BARBARA,

             Defendants.

Case № 2:16-cv-00622-ODW (AGRx)

**ORDER GRANTING PLAINTIFF'S
EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING
ORDER [2] AND SETTING ORDER
TO SHOW CAUSE**

## I.   INTRODUCTION

On January 28, 2016, Plaintiff Robert M. Lane filed his Complaint against Defendants Dr. Vikki L. Lane, Bruce Glesby, Carol Shick, Griffith & Thornburgh, LLP, Sean Eberz, Mammoth Moving, Inc., Kevin E. Ready, Sr., and the County of Santa Barbara.  (ECF No. 1.)  Plaintiff also filed an "Emergency Motion to Approve Preliminary Injunction," which the Court construes as an ex parte application for a temporary restraining order (TRO).  (ECF No. 2.)  For the reasons set forth below, the Court **GRANTS** the application and sets an Order to Show Cause hearing.

## II.   FACTUAL BACKGROUND

Plaintiff, who is appearing pro se, alleges that Defendant Lane obtained a "Writ of Seizure" against Plaintiff's assets under false pretenses, and that the other Defendants assisted Defendant Lane with fraudulently procuring the Writ and negligently seizing and selling the assets. (*See generally* ECF No. 1.) Plaintiff alleges that the assets were not properly inventoried and photographed when seized, were not appraised, were sold at a value significantly lower than their actual worth, and that Defendants ignored the rights of lienholders that have previously claimed an interest in the seized assets. (*Id.*) Plaintiff seeks an "[i]njunction to preserve [the seized] assets," and to freeze $1 million of Defendants' cash assets (which appear to represent proceeds derived from the prior sale of seized assets). (Mot. 1, 11.)

## III.   LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest (the "*Winter* factors"). *Id.* at 20. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (original emphasis). In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132, 1135 (holding that the "sliding scale" test remains viable "so long as the plaintiff also shows that there is a

2

likelihood of irreparable injury and that the injunction is in the public interest").

In addition, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citations and quotation marks omitted). Thus, where a party appears pro se, the court should "afford [them] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## IV.   ANALYSIS

### A.   Notice

Plaintiff has not filed a proof of service showing that he served this application on Defendants. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). That is, an ex parte TRO is generally appropriate when "notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, the Court finds both conditions satisfied. Plaintiff submitted a declaration showing that Defendants are in possession of Plaintiff's wrongfully-seized assets, and that various third parties hold liens on those assets. (Lane Decl. ¶¶ 12, 18, 24.) It is a reasonable inference[1] that Defendants would immediately attempt to sell the assets upon notice of this application, thereby defeating the purpose of the application and

---

[1]   Although this is not specifically stated in the application, the Court liberally construes Plaintiff's moving papers and "afford[s] [Plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Indeed, the whole reason Plaintiff is requesting a stay is to prevent them from selling the seized assets.

the entire lawsuit.  *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 2 (2d Cir. 1979) (ex parte TRO was appropriate where if defendant knew he "was about to be enjoined from continuing his illegal enterprise, he would immediately transfer his inventory to another counterfeit seller, whose identity would be unknown to [plaintiff]"). Furthermore, because most of the seized assets were to be used to pay Plaintiff's other debts, and because Defendants apparently do not themselves have sufficient funds to cover those debts in the event the assets are sold to third parties, Plaintiff will suffer irreparable injury in the event he prevails on his claims.  (*Id.*; Mot. 8.)  The Court therefore finds the issuance of a TRO without notice to be proper under Rule 65(b).

**B.    *Winter* Factors**

**1.    Likelihood of Success on the Merits**

Plaintiff alleges the following claims against Defendants: (1) negligence (four counts); (2) fraud (three counts); (3) conspiracy to commit fraud (one count); (4) failure to supervise and assure competence of employees (two counts).  (ECF No. 1.) The gist of Plaintiff's claims is that Defendant Lane obtained a "Writ of Seizure" against Plaintiff's assets under false pretenses, and that the other Defendants assisted Defendant Lane with fraudulently procuring the Writ and negligently seizing the assets.  (*Id.*)  Plaintiff also alleges that the assets were not properly inventoried and photographed when seized, were not appraised, were sold at a value significantly lower than their actual worth, and that Defendants are ignoring the rights of lienholders that have previously claimed an interest in the seized assets.  (*Id.*)

Plaintiff appears to make out a claim for at least negligence and possibly fraud. "The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury."  *McIntyre v. Colonies-Pac., LLC*, 228 Cal. App. 4th 664, 671 (2014).  Plaintiff alleges that Defendants had a duty to properly inventory and photograph the seized assets, and to properly appraise and store the assets.  (Compl. ¶¶ 79, 85.)  Because the items were subsequently sold at a significantly undervalued amount, Plaintiff is now either still liable to Defendants

1  for amounts that should have been covered by the already-seized assets, or now has

2  less funds than he otherwise would have to pay off his other creditors.

3  Plaintiff's claim for fraud is shakier, but may also be plausible. The elements

4  of fraud are: "(a) misrepresentation (false representation, concealment, or

5  nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to

6  induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior*

7  *Court*, 12 Cal. 4th 631, 638 (1996). Here, Plaintiff alleges that Defendants made

8  misrepresentations to the court to secure the Writ, that Defendants knew the

9  misrepresentations were false and intended to defraud the court, and that the court

10  justifiably relied on those representations in issuing the Writ. (Compl. ¶¶ 117–26.)

11  While these misrepresentations were not made to Plaintiff, Plaintiff was ultimately the

12  one damaged because the Writ ordered the seizure of his assets. Given the liberality

13  with which the Court must construe a pro se pleading, the Court is inclined to give

14  Plaintiff the benefit of the doubt at this stage as to his fraud claim.

15  **2.  Irreparable Harm**

16  The Court has previously discussed the irreparable harm that would befall

17  Plaintiff if the injunction is not entered, and incorporates that analysis here. Thus, the

18  Court finds that this prong is satisfied.

19  **3.  Equities**

20  At this point, the equities appear firmly in Plaintiff's favor. Plaintiff alleges

21  that both Defendant Lane and her attorney committed perjury on numerous occasions

22  in the divorce proceeding between Plaintiff and Defendant Lane, that Defendant Lane

23  made material misrepresentations to the Superior Court in order to obtain the Writ,

24  that Defendant Lane essentially took no care to obtain adequate value for the property

25  that she seized, and that she willfully ignored the rights of other creditors who

26  properly asserted liens over the properties seized. Defendants' alleged actions have

27  left Plaintiff with no assets to pay off other creditors. Plaintiff now seeks a

28  preliminary order that prevents Defendants from transferring the assets to third parties

1   so that Plaintiff still has a chance to recover that property and pay off his other
2   creditors should he prevail on this lawsuit.  It is unclear what harm, if any, would
3   befall Defendants by ordering them to maintain the status quo while the Court sets this
4   matter for full briefing and hearing, and thus why it would be inequitable to do so.
5   Accordingly, the Court finds that this prong is satisfied.

6          **4.     Public Interest**

7          Finally, the public interest also favors Plaintiff.  There is a public interest in
8   preventing and redressing frauds upon the court and ensuring that adequate process is
9   provided to judgment debtors.   Here, it appears that Plaintiff's assets could be
10  disposed of without Plaintiff having a chance to prove his claim of negligence and
11  fraud.  Conversely, the Court fails to see how the public interest would be harmed by a
12  temporary stay on the sale of Plaintiff's property.

13                       **V.     CONCLUSION**

14         For the foregoing reasons, Plaintiff's ex parte application for a temporary
15  restraining order is **GRANTED**.  The Court hereby **ORDERS** as follows:

16         (1)     Defendants Dr. Vikki L. Lane, Bruce Glesby, Carol Shick, Griffith &
17  Thornburgh, LLP, Sean Eberz, Mammoth Moving, Inc., Kevin E. Ready, Sr., and the
18  County of Santa Barbara shall not in any way sell, transfer, or hypotheticate any assets
19  or property in their possession that was seized from Plaintiff;

20         (2)     Defendants Dr. Vikki L. Lane, Bruce Glesby, Carol Shick, Griffith &
21  Thornburgh, LLP, Sean Eberz, Mammoth Moving, Inc., Kevin E. Ready, Sr., and the
22  County of Santa Barbara shall not seize any additional assets from Plaintiff;

23         (3)     Defendants Dr. Vikki L. Lane, Bruce Glesby, Carol Shick, Griffith &
24  Thornburgh, LLP, Sean Eberz, Mammoth Moving, Inc., Kevin E. Ready, Sr., and the
25  County of Santa Barbara shall preserve and not spend any proceeds derived directly
26  from any prior sale of assets or property that was seized from Plaintiff;

27         (4)     Plaintiff shall <u>immediately</u> cause the Summons, Complaint, Plaintiff's
28  moving papers, and this Order to be served on Defendants Dr. Vikki L. Lane, Bruce

Glesby, Carol Shick, Griffith & Thornburgh, LLP, Sean Eberz, Mammoth Moving, Inc., Kevin E. Ready, Sr., and the County of Santa Barbara, and shall immediately thereafter file a proof of service as to each Defendant;

(5)     The Court hereby sets an Order to Show Cause re: why a preliminary injunction should not be entered for the duration of this litigation on **Friday, February 12, 2016 at 10:00 a.m.** in Courtroom 11, United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012.  Defendants may file a written response to Plaintiff's ex parte application on or before **February 11, 2016 at 10:00a.m.**  All parties must appear for the hearing.

(6)     This temporary restraining order shall expire on **February 12, 2016 at 11:00a.m.** unless the Court orders an extension of its terms and/or converts the TRO into a preliminary injunction;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Finally, the Court advises Plaintiff that a Federal **Pro Se Clinic** is located in

the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal **Pro Se Clinic** offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions.   For more information, Plaintiff may visit http://www.cacd.uscourts.gov/ and follow the link for "**Pro Se Clinic**—Los Angeles" or contact Public Counsel at 213–385–2977, extension 270.  Plaintiff is encouraged to visit the clinic, or seek the advice of an attorney, as this case proceeds.

**IT IS SO ORDERED.**

February 3, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**