O

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT M. LANE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. VIKKI L. LANE; BRUCE GLESBY; CAROL SHICK; GRIFFITH & THORNBURGH, LLP; SEAN EBERZ; MAMMOTH MOVING, INC.; KEVIN E. READY, SR.; and COUNTY OF SANTA BARBARA,<br><br>    Defendants. | Case № 2:16-cv-00622-ODW (AGRx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [13]** |

On February 3, 2016, this Court entered an *ex parte* temporary restraining order that enjoined Defendants from, *inter alia*, seizing or selling Plaintiff's assets. (ECF No. 9.) The Court also set an order to show cause hearing on February 12, 2016, as to why a preliminary injunction should not be entered for the duration of the litigation. (*Id.*) On February 11, 2016, Defendants Lane, Glesby, Shick, and Griffith & Thornburgh LLP filed an opposition to the contemplated injunction. (ECF No. 10.) At the OSC hearing the following day, Plaintiff failed to appear as ordered. (ECF No. 12.) Based on Defendants' opposition, the Court discharged the TRO. (*Id.*) The

Court also dismissed the action based on Plaintiff's failure to appear. (*Id.*)

Several days later, Plaintiff moved for reconsideration of the Court's order discharging the TRO and dismissing the action. (ECF No. 13.) Plaintiff claims that he did not appear at the hearing on the preliminary injunction because he did not receive a copy of the order setting the hearing. (Lane Decl. ¶¶ 7–11.)

The Court construes Plaintiff's Motion as a motion for relief from a final judgment or order under Rule 60(b). That rule provides in relevant part: "[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). In considering such a motion, the court may make factual findings and credibility determinations. *ESA Eng'g Corp. v. Mitsubishi Heavy Indus. Am., Inc.*, 7 F. App'x 636, 637 (9th Cir. 2001); *see also Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

Here, the Court finds Plaintiff's claim that he did not receive notice of the hearing to lack any semblance of credibility. As Judge Day of the Wyoming District Court recently noted, claims of lack of service appear to be Plaintiff's go-to tactic to forestall adverse decisions against him. (*See* Opp'n, Ex. C. ¶ 12, ECF No. 10-1 ("A frequent litigation tactic employed by Mr. Lane is a consistent assertion of failures of service as the basis for certain motions, which are persistent enough to reflect attempts to cause needless delays and incur additional costs by the other litigants.").) Judge Day also provided numerous other examples where Plaintiff made either severely misleading or blatantly false representations to the court. (*Id.*) And if this were not enough, it is clear from the other exhibits attached to Defendants' opposition to the preliminary injunction that Plaintiff has engaged in extensive fraudulent conduct and filed numerous frivolous actions in multiple districts in an attempt to prevent satisfaction of a sizeable judgment entered against him. (*See generally* Opp'n, Exs. A–M.) The Court finds it unnecessary to further describe the overwhelming evidence

of Plaintiff's bad-faith tactical maneuvers, suffice to say that the Court lends absolutely no credence to Plaintiff's claim that he did not receive notice of the hearing. *See Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 649 (noting that specific factual findings of bad faith by the district court is unnecessary where "bad faith is so patent" that the necessary findings can be inferred); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985) (specific factual findings of bad faith unnecessary where "the record is replete with evidence of tactical maneuvers undertaken in bad faith").

For these reasons, Plaintiff's Motion for Reconsideration is **DENIED**. (ECF No. 13.)

**IT IS SO ORDERED.**

February 26, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**